ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of - | ) | |
| | ) | |
| Ace Electronics Defense Systems | ) | ASBCA No. 63224 |
| | ) | |
| Under Contract No. N63394-20-D-0002 | ) | |

APPEARANCE FOR THE APPELLANT:          Adam D. Bruski, Esq.
                                                                    Warner Norcross + Judd LLP
                                                                    Midland, MI

APPEARANCES FOR THE GOVERNMENT:     Craig D. Jensen, Esq.
                                                                    Navy Chief Trial Attorney
                                                                    Andrea S. Maglasang-Miller, Esq.
                                                                    Matthew B. Hawkins, Esq.
                                                                    Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE MELNICK DISMISSING THE APPEAL
FOR FAILURE TO STATE A CLAIM

Ace Electronics Defense Systems, LLC (Ace), seeks compensation due to increased costs it experienced performing a firm-fixed price contract with the Naval Surface Warfare Center (government). Ace's complaint fails to allege facts that support any recovery under the contract and therefore we dismiss the appeal for failure to state a claim upon which relief can be granted.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

The government issued a delivery order to Ace under the indefinite-delivery, indefinite-quantity contract identified above for various assemblies and parts associated with cruise missiles (compl. ¶ 2; R4, tab 1 at 221, tab 3). The delivery order contained numerous firm-fixed price line items for a total price of $11,700,479 (R4, tab 3).

Ace obtains some elements for the ordered components from another vendor (compl. ¶ 3). Since 2020, the other vendor's prices for the materials associated with two line items have risen substantially. The vendor has given little insight into the cause other than to assert they are related to the COVID-19 pandemic. (Compl. ¶ 4) Ace is unable to obtain the items from another vendor. It has submitted several requests for cost adjustment to the government reflecting the vendor's quoted prices, which have been denied. The cost increases have substantially altered the economics of the contract and put financial stress on Ace. (Compl. ¶¶ 5-6, 13) The increase is unlike anything Ace has ever experienced (compl. ¶ 11).

On July 2, 2020, the Office of the Undersecretary of Defense for Acquisition and Sustainment issued a memo entitled "Guidance for Assessment of Other COVID-19 Related Impacts and Costs." In part the memo states the following:

> The COVID-19 pandemic has presented historic and unprecedented challenges for the Department, its mission, and its people. These challenges require us to use all of our experience and skill to find innovative solutions to both protect Government interests and ensure the continued health of the Defense Industrial Base to support our mission.
>
> Unlike contractors performing under cost-type contracts, contractors under fixed-price contracts generally must bear the risk of cost increases, including those due to COVID-19 (e.g., costs associated with PPE, social distancing, and supplier delays and inefficiencies). However, Contracting Officers are granted discretion, subject to the availability of funds, to modify contracts (e.g., under FAR 52.243-1, Changes Fixed Price, and its applicable alternatives) to reflect changes to the Government's needs as a result of COVID-19.

(Compl. ¶ 12)

Ace has incurred $113,993.46 in additional costs related to the two line items due to the vendor's increased pricing (compl. ¶ 16). Ace alleges breach of contract by the government for failure to adjust the contract price (compl. at 2). "Ace believes that under the circumstances, it is appropriate to apply the Fixed Cost with Economic Price Adjustment provisions of the Federal Acquisition Regulation to this Contract. FAR 16.203 and/or changes provisions of FAR 43.205 and 53.243-1." (Compl. ¶ 15)

Ace submitted a certified claim to the contracting officer dated February 9, 2022 (R4, tab 4).[1] The claim's allegations are substantially identical to the complaint. The claim was denied on February 24, 2022 (compl. ¶ 8). Ace has appealed and seeks $113,993.46 (compl. at 4).

The government moves to dismiss the complaint on the ground that it fails to state a claim upon which relief may be granted.

---

[1] Ace alleges it submitted the claim on February 2, 2022 (compl. ¶ 7). The discrepancy is irrelevant to this decision.

DECISION

A complaint is subject to dismissal for failure to state a claim when it fails to "allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). The allegations must "raise a right to relief above the speculative level" and state a claim "that is plausible on its face." *Id.* We "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." *Rack Room Shoes v. United States*, 718 F.3d 1370, 1376 (Fed. Cir. 2013) (quoting *United States v. Ford Motor Co.,* 497 F.3d 1331, 1336 (Fed. Cir. 2007)); *see also Parwan Grp.*, ASBCA No. 60657, 18-1 BCA ¶ 37,082 at 180,498 (quoting *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013)). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Rack Room Shoes*, 718 F.3d at 1376 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). We are not bound to Ace's legal conclusions. *Id.* The motion will be granted when the facts asserted do not entitle the claimant to a legal remedy. *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002); *Arab Shah Constr. Co.*, ASBCA No. 61565, 19-1 BCA ¶ 37,266 at 181,348. In addition to the complaint, we may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record." *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)). Because interpretation of the parties' contract rights is integral to the claim, and that is a question of law, *NOAA Md., LLC v. Adm'r of the Gen. Servs. Admin.*, 997 F.3d 1159, 1165 (Fed. Cir. 2021), we consider the contract's terms in determining whether the complaint asserts a claim upon which relief may be granted. *See Parwan Grp.*, 18-1 BCA ¶ 37,082 at 180,498.

The complaint concedes that the contract is fixed price (compl. ¶ 10). "Under a firm-fixed price arrangement, [Ace] assumed 'maximum risk and full responsibility for all costs and resulting profit or loss.'" *Parsons Gov't Servs., Inc.*, ASBCA No. 61630, 20-1 BCA ¶ 37,655 at 182,815 (quoting FAR 16.202-1). Thus, "[t]he price was 'not subject to any adjustment on the basis of [Ace's] cost experience in performing the contract.'" *Id.*; *see also Zafer Taahhut Insaat ve Ticaret A.S. v. United States*, 833 F.3d 1356, 1361 (Fed. Cir. 2016)). The essence of Ace's complaint is that it encountered higher prices from its vendor for certain components than it expected due to the COVID pandemic. However, it has not identified any clause of the contract that would shift the risk of such costs to the government. *See Pernix Serka Joint Venture v. Dept. of State*,

CBCA No. 5683, 20-1 BCA ¶ 37,589 at 182,522-23 (rejecting a claim under a fixed price contract for increased performance costs caused by an unforeseen epidemic).[2]

Ace quotes the July 2, 2020, memo from the Office of the Undersecretary of Defense for Acquisition and Sustainment but does not allege how it dictates entitlement to recover. We agree with the government that the memorandum is not a part of the contract or delivery order and nothing in it governs the parties' rights under those instruments. Moreover, after noting the challenges that the pandemic posed to the government's interests and the health of the defense industry, the memo observes that contractors performing fixed price contracts generally must bear the risk of cost increases due to the pandemic. It grants discretion to contracting officers to modify contracts to reflect changes to the government's needs resulting from the pandemic. (Compl. ¶ 12) Ace has not alleged that this contract was modified by the contracting officer to reflect any changes to the government's needs.[3] Ace's suggestion that the memo imposes a contractual obligation upon the government to grant a price adjustment because Ace experienced higher costs due to the pandemic is not correct.

Ace's reliance in the complaint upon Federal Acquisition Regulation (FAR) 16.203, 43.205 and 53.243-1 is also misplaced.

---

[2] Ace does not allege that the increased costs have made performance commercially impracticable, which might entitle it to an equitable adjustment if proven. *Raytheon Co. v. White*, 305 F.3d 1354, 1367 (Fed. Cir. 2002). That would require it to allege extraordinarily excessive or unreasonable costs or burdens that make performance commercially senseless. *Id.* at 1367-68 (citing examples of commercial impracticability, such as contract performance that would have required 17 years at a cost of $400 million rather than 720 days and $16.92 million, or a seven-month performance period that turned into an unsuccessful four-year period with a 148 percent cost overrun); *see also Parwan*, 18-1 BCA ¶ 37,082 at 180,496 (explaining that simply showing economic hardship is insufficient). It would also require Ace to not have assumed the risk of the event causing the impracticability. *Raytheon,* 305 F.3d at 1367. Here, Ace does not even allege that its $113,993.46 in higher costs have caused it to suffer a loss on this $11,700,479 delivery order.

[3] Additionally, a subsequent memo from the same source, dated May 25, 2022, clarifies that "[s]ince cost impacts due to unanticipated inflation are not a result of a contracting officer-directed change, [contracting officers] should not agree to contractor [equitable adjustments] submitted in response to changed economic conditions" (gov't reply ex. 1, at 2, *available at* https://www.acq.osd.mil/dpap/policy/policyvault/USA000999-22-DPC.pdf).

4

FAR 16.203 describes the circumstances for awarding a fixed price contract with economic price adjustment, which would provide for upward or downward revision of the price upon the occurrence of specified contingencies. Contracting officers are permitted to use this type of contract when there is serious doubt concerning the stability of market or labor conditions that will exist during an extended period of performance and contingencies that would otherwise be included in the contract price can be identified and covered separately in the contract. FAR 16.203-2; *see also* FAR 16.203-4. Such a contract shall not be used unless the contracting officer determines that it is necessary either to protect the contractor and the government against significant fluctuations in labor or material costs or to provide for contract price adjustment in the event of changes in the contractor's established prices. FAR 16.203-3.

This contract and delivery order did not contain a price adjustment clause. Ace does not allege it was somehow misled at the time of award to believe that the contract would receive such an adjustment should the prices of its materials increase. Nevertheless, Ace's opposition to the motion to dismiss demands that the Board rewrite the contract now to include such a clause because of the "unprecedented circumstances experienced during the execution phase of this project," which we presume means the COVID pandemic. Ace contends that the government's refusal to incorporate the clause now and its insistence upon performance at the agreed upon price is arbitrary and capricious. Ace cites no authority for the proposition that a fixed price contract must be revised after the fact to include a price adjustment clause when the contractor experiences unexpected price increases due to a pandemic. Such a ruling would turn on its head Ace's assumption of the maximum risk and full responsibility for all costs and resulting profit or loss.

FAR 43.205 provides instructions for the inclusion of a Changes Clause in contracts. This contract incorporated FAR 52.243-1, CHANGES-FIXED PRICE (AUG 1987) (R4, tab 1 at 243). That clause permits the contracting officer to make certain written changes within the general scope of the contract and provides for an equitable adjustment for increases or decreases in the cost of, or time required for, performance caused by the change. The complaint lacks any allegation that written changes by the contracting officer caused Ace's alleged cost increases. Instead, Ace alleges it incurred increased costs from price increases imposed upon it by its vendor (compl. ¶¶ 4, 11).

Ace's further contention in its opposition, that the government's insistence that it perform constitutes a constructive change given its vendor's price increases, is also unsupported by the complaint's allegations. To prevail upon a constructive change a contractor must "show (1) that it performed work beyond the contract requirements, and (2) that the additional work was ordered, expressly or impliedly, by the government." *Bell/Heery v. United States*, 739 F.3d 1324, 1335 (Fed. Cir. 2014); *Kellogg Brown & Root Servs.*, ASBCA Nos. 59385, 59744, 20-1 BCA ¶ 37,656 at 182,829. The complaint

5

fails to plausibly suggest any facts that could establish either of those elements. That the government continued to expect the contract's prescribed performance from Ace at the agreed upon price is not an order to perform additional work. Ace's additional suggestion that its allegations support a cardinal change, which requires a demonstration that the government effected an alteration in work requiring performance materially different from what was bargained for, fails for the same reasons. *See U.S. Aeroteam, Inc. v. United States*, No. 2021-2272, 2022 WL 2431626, at *3 (Fed. Cir. July 5, 2022).

Ace's final argument in its effort to salvage its complaint is to suggest that by failing to recognize the changed environment in which the contract was to be performed, and compensating Ace for its higher costs, the government's action constitutes a breach of the contract's duty of good faith and fair dealing.[4] The duty of good faith and fair dealing prohibits "interference with or failure to cooperate in the other party's performance." *LaBatte v. United States*, 899 F.3d 1373, 1379 (Fed. Cir. 2018) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 205 cmt. d (1981)). Ace emphasizes the observation in *Centex Corp. v. United States*, 395 F.3d 1283, 1304 (Fed. Cir. 2005), that parties are obligated "not to act so as to destroy the reasonable expectations of the other party regarding the fruits of the contract." However, "a specific promise must be undermined for the implied duty to be violated." *Dobyns v. United States*, 915 F.3d 733, 739 (Fed. Cir. 2019). It "must be 'keyed to the obligations and opportunities established in the contract,' so as to not fundamentally alter the parties' intended allocation of burdens and benefits associated with the contract." *Id.* (quoting *Lakeshore Eng'g. Servs., Inc. v. United States*, 748 F.3d 1341, 1349 (Fed. Cir. 2014)). The complaint does not contain any allegations that plausibly suggest that the government's refusal to relieve Ace from the firm-fixed price to which Ace committed itself undermines any specific promise or destroys Ace's reasonable expectations regarding the fruits of the contract. *See Lakeshore Eng'g. Servs.*, 748 F.3d at 1349 (holding that given the payment terms agreed upon by the parties, the government's refusal to pay more to account for cost increases did not destroy the contractor's reasonable expectations under the contract).

---

[4] We disagree with the government's contention in its reply that this argument flows from a separate set of operative facts than those set out in Ace's certified claim. Accordingly, we deny its request that the argument be dismissed for lack of jurisdiction. *See Wilwood Eng. Inc.*, ASBCA Nos. 62773, 62774, 22-1 BCA ¶ 38,116 at 185,144-45.

CONCLUSION

Ace has failed to state a claim upon which relief can be granted.  The appeal is dismissed with prejudice.

Dated:  October 5, 2022

MARK A. MELNICK
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

J REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63224, Appeal of Ace Electronics Defense Systems, rendered in conformance with the Board's Charter.

Dated:  October 5, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals